**IN THE UNITED STATES DISTRICT COURT**
**IN THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| **SAU SHUN LEE**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**EQUIFAX INFORMATION SERVICES LLC**<br><br>**Defendant.** | ) | **Civil Action No. 15-4383** |

# PRELIMINARY PRE-TRIAL STATEMENT

Pursuant to the Court's June 25, 2015 Order, Plaintiff Sau Shun Lee and Defendant Equifax Information Services LLC ("Equifax") now respectfully file this Preliminary Pre-Trial Statement.

**A. A concise statement of the nature of this action:**

Plaintiff brings this action for damages against Defendant Equifax, alleging violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* (hereafter the "FCRA") for their failure to assure the maximum possible accuracy of the Plaintiff's consumer credit files and failing to conduct a reasonable investigation of disputed credit information.

**B. Whether there are any pending related criminal or civil actions.**

None.

**C. A concise statement of each party's position as to the basis of this Court's jurisdiction of the action, with citations to all statutes relied upon and relevant facts as to citizenship and jurisdictional amount.**

15 U.S.C. § 1681p and 28 U.S.C. § 1331.

**D. A concise statement of all material uncontested or admitted facts.**

None to date.

**E.      A concise statement of all uncontested legal issues.**

None to date.

**F.      A concise statement of all legal issues to be decided by the Court.**

*Plaintiff:*

Plaintiff does not agree that the items set forth by Equifax are legal issues that require decision by the Court with the exception of the Equifax's claim that Plaintiff's claim is barred by the statute of limitations. Instead, Equifax has merely set forth elements of Plaintiff's claim that should be decided by jury.

*Equifax:*

1. Whether the Defendant followed reasonable procedures to assure maximum possible accuracy of the information in Plaintiff's credit files as required by the FCRA, 15 U.S.C. § 1681e(b);

2. Whether the Defendant conduced a reasonable reinvestigation of Plaintiff's disputes as required by the FCRA, 15 U.S.C. § 1681i;

3. Whether some or all of Plaintiff's claims are barred by the applicable statute of limitations;

4. If Plaintiff can show that he incurred actual damages, whether Defendant proximately caused those damages;

5. Whether the Plaintiff is entitled to statutory and/or punitive damages pursuant to FCRA, 15 U.S.C. § 1681n.

Equifax bases this statement on the facts currently available to it. In making this statement, Equifax does not waive the right to raise any legal issues and reserves the right to

supplement this statement as this case and the facts develop.

**G. Each party's concise statement of material disputed facts.**

***Plaintiff:***

Plaintiff alleges that Equifax mixed his credit file with that of his brother. Further, Plaintiff disputed the accounts erroneously reporting on his credit reports. Defendant, however, failed to conduct reasonable investigations into Plaintiff's disputes and falsely verified the accounts as accurate in violation of FCRA Sections 1681i. As a result of Defendant's inaccurate reporting, Plaintiff has lost loan opportunities, experienced damage to his credit reputation and suffered emotional distress.

***Equifax:***

Defendant Equifax Information Services LLC ("Equifax") is a consumer reporting agency as defined by the FCRA. Equifax denies Plaintiff's claims and denies that it violated the FCRA. Equifax maintained reasonable procedures to assure maximum possible accuracy in its credit reports concerning Plaintiff. Equifax performed reasonable reinvestigations as required by the FCRA. Equifax denies that it caused any damage to Plaintiff and denies that Plaintiff is entitled to any of the relief sought in her Complaint.

Equifax bases this statement on the facts currently available to it. In making this statement, Equifax does not waive any defenses and reserves the right to supplement this statement as this case and the facts develop.

**H. A concise statement by each plaintiff and each counterclaimant of the legal basis of each cause of action asserted, including citations to all statutes, Federal Rules of Civil Procedure, other rules and case law intended to be relied upon by such plaintiff or counterclaimant.**

15 U.S.C. § 1681e(b) & 1681i

**I.      Each party's concise statement of the legal basis of each defense asserted or expected to be asserted by such party, including citations to all statutes, Rules, and other applicable regulatory and judicial authority intended to be relied on by such party.**

At all relevant times, Equifax acted in full compliance with the FCRA and is entitled to each and every applicable defense and limitation of liability provided in the Act.

The FCRA provides that whenever a consumer reporting agency prepares a consumer report, it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.  15 U.S.C § 1681e(b).

A credit reporting agency is not strictly liable merely for reporting inaccurate information; rather, the consumer must show that the agency failed to follow reasonable procedures.  15 U.S.C. §1681e(b).  *Dalton v. Capital Associated Industries, Inc.*, 257 F.3d 409, 415-416 (4th Cir. 2001); *Guimond v. Trans Union Credit Info. Co.*, 45 F.3d 1329, 1333 (9th Cir. 1995).

Consumer reporting agencies are entitled to rely on the information reported to them by reputable furnishers of information so long as the information appears on its face to be credible and the credit reporting agency has no reason to believe otherwise.  *See* Federal Trade Commission Commentary on the Fair Credit Reporting Act, 16 C.F.R., Part 600, Appendix, § 607, p. 517 (2002).

It is Plaintiff's burden to show that Equifax's procedures were unreasonable.  See *Whelan v. Trans Union Credit Reporting Agency*, 862 F. Supp. 829 (E.D.N.Y. 1994).

In order to state a prima facie case for a violation of § 1681e(b), a plaintiff must show:

- inaccurate information was included in a consumer's credit report;
- the inaccuracy was due to the agency's failure to follow reasonable procedures;
- the plaintiff suffered injury; and

- the consumer's injury was caused by the inclusion of the inaccurate entry.

*Philbin v. Trans Union Corp.*, 101 F.3d 957, 963 (3rd Cir. 1996).

As a threshold matter, a consumer must first present evidence tending to show that a credit reporting agency prepared a report containing inaccurate information. *Guimond v. Trans Union Credit Info. Co.*, 45 F.3d 1329 (9th Cir. 1995); *Cassara v. DAC Services, Inc.*, 276 F.3d 1210 (10th Cir. 2002); *Batdorf v. Equifax*, 949 F.Supp. 777 (D. Haw., 1996).

Section 1681i(a)(1)(A) of the FCRA sets forth the consumer reporting agency's ("CRA's") obligation whenever a consumer notifies a CRA that the consumer disputes the completeness or accuracy of information in the consumer's file. When a CRA receives such notification, the CRA is obligated to "conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file ..." 15 U.S.C. § 1681i(a)(1)(A).

To establish a claim for failure to reinvestigate under § 1681i(a), Plaintiff must make a prima facie showing that: (1) the Plaintiff's credit file contains inaccurate or incomplete information; (2) the plaintiff notified the consumer reporting agency directly of the inaccurate or incomplete information; (3) the plaintiff's dispute is not frivolous or irrelevant; (4) the consumer reporting agency failed to respond to the plaintiff's dispute, and; (5) the failure to reinvestigate cause the consumer to suffer damages. See *Cousin v. Trans Union Corp.*, 246 F.3d 359, 368-69 (5th Cir. 2001). Plaintiff cannot meet the burden to support these elements.

"It is well established that a plaintiff suing under the FCRA shoulders the burden of demonstrating the existence of damages resulting from an alleged FCRA violation; and, thus, the failure of an FCRA plaintiff 'to produce evidence of damage resulting from a FCRA violation mandates summary judgment." *Rambarran v. Bank of America, N.A.*, 609 F. Supp. 2d 1253,

1262-63 (S.D. Fla. 2009) (*quoting Nagle v. Experian Info. Solutions, Inc.*, 297 F.3d 1305, 1307 (11th Cir. 2002)). Summary judgment is proper in an FCRA case when the plaintiff cannot present evidence establishing that the defendant caused her damages. See, e.g., *Burns v. Bank of America*, 655 F. Supp. 2d 240, 250 (S.D.N.Y. 2008); *Collins v. Experian Credit Reporting Services*, 494 F. Supp. 2d 127, 136 (D. Conn. 2007); *Enwonwu v. Trans Union*, LLC, 364 F. Supp. 2d 1361 (N.D. Ga. 2005); *Caltabiano v. BSB Bank & Trust Co.*, 387 F. Supp. 2d 135, 141 (E.D.N.Y. 2005) (citing *Casella v. Equifax Credit Info. Services*, 56 F.3d 469, 473 (2d Cir. 1995)). Without a causal relationship between the alleged violation of the FCRA and the loss of credit, or some other harm, a plaintiff cannot obtain an award of actual damages. See *Crabill v. Trans Union*, L.L.C., 259 F.3d 662, 664 (7th Cir. 2001); *Casella*, 56 F.3d at 473; *Cahlin v. General Motors Acceptance Corp.*, 936 F.2d 1151, 1160-61 (11th Cir. 1991); *Konter v. CSC Credit Services, Inc.*, 606 F. Supp. 2d 960, 967 (W.D. Wis. 2009). Plaintiff cannot establish the damages requirement here.

Plaintiff did not suffer any injury for which the FCRA provides any redress (actual damages proximately caused by non-compliance with the FCRA is an essential element of a claim under the FCRA). *Cahlin v. General Motors Acceptance Corp.*, 936 F.2d 1151, 1156 (11th Cir. 1991).

Plaintiff's Complaint seeks punitive damages for an alleged "willful" violation of the FCRA. Willful misconduct under the FCRA encompasses both intentional and reckless violations. See *Safeco Ins. Co. of America v. Burr*, 551 U.S. 47, 68-69 (2007). Reckless misconduct is "conduct violating an objective standard: action entailing 'an unjustifiably high risk of harm that is either known or so obvious that it should be known.'" *Safeco*, 551 U.S. at 68 (quoting *Farmer v. Brennan*, 511 U.S. 825, 836 (1994)). For a willfulness claim to succeed, the

defendant must have engaged in much more than unreasonable conduct; it must have run a risk of violating the law "substantially greater" than the risk associated with mere carelessness. *Id*. at 69 (holding that defendant had not willfully violated the FCRA as a matter of law). Plaintiff cannot carry that burden here.

Equifax bases this statement on the facts currently available to it. In making this statement, Equifax does not waive any defenses and reserves the right to supplement this statement as this case and the facts develop.

**J. A concise statement of the measure of proof and on whom the burden of proof falls as to each cause of action or defense.**

Plaintiff possesses the burden of proof on all elements by a preponderance of evidence.

**K. Whether and to what extent amendments to pleadings and/or the addition or substitution of parties will be required, and proposed deadlines therefor.**

The parties do not anticipate amending the pleadings at this time and propose deadline to amend pleadings within 60 days.

**L. A statement as to whether all parties consent to transfer of the case to a magistrate judge for all purposes, including trial (without identifying which parties have or have not so consented).**

The parties do not consent to transfer of the case to a magistrate judge.

**M. What, if any, changes should be made in the timing, form or requirements for disclosures under Fed. R. Civ. P. 26(a), including a statement as to when any disclosures required under Fed. R. Civ. P. 26(a)(1) were made or will be made.**

The parties will serve their initial disclosures on or before the date of the pre-trial conference with the Court.

**N. The subjects on which disclosure may be needed and a proposed discovery cut-off date.**

The parties request a discovery cut-off date of January 11, 2016.

**O. Whether and to what extent expert evidence will be required, and proposed deadlines for expert discovery.**

The parties do not intend to use an expert witness at this time. Should the need for expert witnesses arise, the parties suggest that affirmative expert reports be due on or before January 11, 2015, and that rebuttal expert reports be due February 11, 2016. Expert discovery will be complete by March 11, 2016.

**P. What, if any, changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or the Local Rules of court, and what other limitations should be imposed.**

The parties agreed to abide by the limitation set in the Federal Rules of Civil Procedure. The parties may submit a proposed protective order to the Court relating to confidential treatment of proprietary documents.

**Q. The status of settlement discussions and the prospects for settlement of the action in whole or in part, provided that the Preliminary Pre-Trial Statement must not disclose to the Court specific settlement offers or demands.**

The parties intend to engage in informal settlement discussion in an attempt to resolve this matter in its early stages if possible.

**R. A statement by each party as to whether the case is to be tried with or without a jury, and the number of trial days expected to be needed for presentation of that party's case.**

Plaintiff has demanded a jury trial. The parties estimate a trial of this case would last between 3-4 days total.

**S. Any other orders that should be entered by the Court under Fed. R. Civ. P. 26(c) or Fed. R. Civ. P. 16(b) and (c).**

None at this time.

Respectfully submitted,

*/s/ Adam G Singer*
ADAM G. SINGER
LAW OFFICE OF ADAM G. SINGER
254 S. Main Street, Suite 516
New City, NY 10956
Telephone: 212-842-2428
asinger2@alumni.law.upenn.edu

*/s/ Gregory Gorski*
GREGORY GORSKI
**FRANCIS & MAILMAN, PC**
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, PA 19110
Telephone: (215) 735-8600
ggorski@consumerlawfirm.com

*Counsel for Plaintiff*

*/s/ Gregory Lee Schneider*
GREGORY LEE SCHNEIDER
**KING & SPALDING LLP**
1185 Avenue of the Americas
New York, NY 10036
Telephone: (212)-556-2168
gschneider@kslaw.com

*Counsel for Defendant Equifax Information Services LLC*

Dated: September 3, 2015